IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HEELING SPORTS LIMITED, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-2123-B |
| | § | |
| KENDRA PASKEY, d/b/a ROCK N | § | |
| ROLL, BE BEAUTIFUL LLC, | § | |
| and NEW CONCORD, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Having considered Defendant New Concord, Inc.'s ("Defendant") Motion to Set Aside Entry of Default (doc #31) and Plaintiff Heeling Sports Limited's ("Heeling") Response thereto, the Court hereby DENIES the Motion as set forth below.

## BACKGROUND

On April 9, 2008, Defendant New Concord, Inc. was served with the summons and Complaint in this matter. (doc #22). Defendant did not timely file an answer to the Complaint. On July 1, 2008, the Court issued a Show Cause Order directing Heeling to show cause why it had not moved for a default judgment based on Defendant's failure to answer. (doc #25). In response, on July 16, 2008, Heeling filed a Request for Clerk's Entry of Default (doc #27), and the Clerk entered a Default against Defendant on July 17 (doc #28). On August 11, 2008, Heeling moved for a default judgment seeking, *inter alia*, a permanent injunction against and damages from Defendant. On August 28, 2008, Defendant's owner, acting *pro se*, submitted a response letter to the Court, which has been treated as Defendant's Motion to Set Aside the Clerk's Entry of Default. (doc #31).

Defendant's owner claims to not speak or read English. He further asserts, albeit in an inadmissible format, that Defendant did not receive any papers in this matter until "this latest one." Defendant's owner simultaneously claims that he was away when "they delivered the document at the first time." (*Id.*). Defendant's owner also states that he did not copy the Heeling patent. Heeling argues that the Entry of Default should not be set aside, because Defendant has not met the good cause standard of Federal Rule of Civil Procedure 55(c).

## ANALYSIS

Federal Rule of Civil Procedure 55(c) permits the setting aside of a default "for good cause." In determining whether there is good cause, the court considers the following factors: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced; and (3) whether the defendant presents a meritorious defense. *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). The court need not consider all of the factors and may consider other factors, such as how expeditiously the defendant acted to correct the default. *Id.* at 184. The Court favors resolving actions on the merits and therefore will resolve any doubts in favor of Defendant. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (observing that "federal courts should not be agnostic with respect to the entry of default judgments which are 'generally disfavored in the law.'") (internal citation omitted); *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) ("where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits").

First, in determining whether a default is willful, the court considers whether there has been excusable neglect. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). The only response provided by Defendant for its failure to answer is that Defendant's owner supposedly

did not receive the Complaint. The Court finds this response incredible. The evidence on file with the Court shows that the Complaint was served on James Perez at the same address for New Concord that appears on the letterhead used by Defendant's owner to submit his letter to the Court dated August 19, 2008. (doc #31). Although James Perez is apparently not the owner of New Concord, the evidence indicates that he is an authorized agent for New Concord (or at least represented to the process server that he is). (doc #22).

As Heeling correctly points out, Defendant's evidence is not in admissible form and its owner's statement that he did not receive any documents in the case, except the most recent one, is not made under penalty of perjury. Even setting that aside, Defendant's owner's response is less than clear. Defendant's owner states that he did not receive any document "before until this latest one," the latest one being something undefined (but likely Plaintiff's Motion for Default Judgment). However, Defendant's owner received "the latest" filing at the same address at which the Complaint was served and to which Heeling mailed a copy of Request for Entry of Default, as indicated on the certificate of service of that document. See doc. #27 at p. 3.[1] *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) ("Proof that a letter properly directed was placed in a U.S. Post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed."). This identity of address militates against the believability of Defendant's owner's representation that he has only now learned about this case.

---

[1]Although Heeling's certificate of service states that the document was mailed to all "counsel of record" in this case, there are no counsel of record as all of the defendants are proceeding *pro se.* (*Id.*). The Court reads the reference to counsel under these circumstances to mean the parties themselves, but cautions Plaintiff to be more precise in the future.

*Warfield v. Byron*, 436 F.3d 551, 556 (5th Cir. 2006) (finding defendant culpable for the default where documents were properly served even though defendant claimed not to have received them).

In any event, "[n]either ignorance, carelessness, nor conscious indifference constitutes excusable neglect." *See Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 943 (5th Cir. 1999) (refusing to set aside default judgment where defendant simply overlooked the summons and Complaint). Given the apparent notice that Defendant received, the Court cannot say that Defendant's failure to timely respond to the Complaint or appear in this matter was excusable neglect. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 564 (5th Cir. 2003) (refusing to set aside default judgment where notice was actual and constructive); *Garden City Boxing Club, Inc. v. Collins*, No. B-05-260, 2006 WL 2037567, at *5 (S.D. Tex. Jul. 18, 2006) (noting that the defendants' claim that they did not learn of the lawsuit until it was too late did not rebut the presumption that they received the pleading based on documented service).

With respect to the second factor in determining good cause, the Court finds that the prejudice to Heeling weighs in favor of setting aside the default. Heeling argues that it is prejudiced, because Defendant continues to sell infringing goods and Heeling is therefore losing sales. However, prejudice to the plaintiff must involve more than the mere possibility of prejudice from delay inherent in every case. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir.1985). Any lost sales for Heeling during the course of this litigation can be compensated by damages. *See Omnitrition Int'l, Inc. v. Omnilife USA, Inc.*, No. 3:96-CV-3313-D, 1997 WL 560772, at *2 (N.D. Tex. Aug. 29, 1997) (noting that any injury to the plaintiff could be compensated by awarding fees and costs). Likewise, requiring a plaintiff to litigate the merits of the

claim is insufficient prejudice to allow a default to stand. *See United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir.1985).

Third, Defendant has failed to allege a meritorious defense. Defendant's owner's only response to the merits of Heeling's patent infringement claims is simply that "I never copy the above plaintiff patent." He also says that his supplier owns an "American patent," a copy of which is attached to his letter (doc #31). A defendant must make "a clear and specific statement showing, not by conclusion, but by definite recitation of facts...that there was a valid defense" to the claims. *Moldwood Corp. v. Stutts*, 410 F.2d 351,352 (5th Cir. 1969). Even reading this response most liberally as Defendant's owner's conclusion that because he did not copy the patent, he does not infringe, Defendant's owner has not provided any facts underlying that conclusion. Further, it is entirely possible that even if Defendant did not copy the patents at issue, it still infringes them. Indeed, most infringers have not "copied" their competitor's patents. Finally, to the extent that the Court could read Defendant's attachment of its alleged supplier's U.S. patent as a defense of invalidity under either 35 U.S.C. §§102 or 103, that defense lacks merit. The attached U.S. patent post-dates the priority date of the patents at issue and therefore cannot serve as prior art in an invalidity defense. *See* Exs. A-C of doc #15. To succeed in setting aside the default, Defendant must establish that it has a fair probability of success on the merits of its defense. *Federal Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir.1988). Defendant has enunciated no facts supporting a defense, much shown that it is likely to succeed on a meritorious one.

"When the defaulting party is a *pro se* defendant, the Court must be especially hesitant to enter a default judgment." *Interscope Records v. Benavides*, 241 F.R.D. 458, 461 (W.D. Tex. 2006). However, even pro se litigants must act in accordance with the time provided by statute and rules

and in the manner provided therein. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The Court has been generous in characterizing the letter from Defendant's owner as a Motion to Set Aside the Entry of Default, particularly considering that a corporation cannot appear in this Court except through an attorney admitted to practice in the Northern District of Texas. *Southwest Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 56 (5th Cir. 1982). Similarly, the Court has weighed the response presented in the most generous light possible, treating it as though it was a sworn declaration from Defendant's owner on behalf of Defendant. Still, the Court finds that Defendant has failed to demonstrate both excusable neglect and a meritorious defense and therefore has not met its burden of establishing good cause to set aside the Entry of Default in this matter.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Set Aside Entry of Default is therefore DENIED. Defendant is advised that, through counsel, it will be allowed to file a Response to Plaintiff's pending Motion for Default Judgment, although the deadline for its response has technically expired. If Defendant wishes to file said Response, through counsel, it must do so in full compliance with the Federal and Local Rules of Civil Procedure and by no later than twenty (20) days from the date of entry of this Order. <u>The Defendant must be represented by counsel to appear in federal court</u>. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing 28 U.S.C. § 1654). The Clerk of the Court is hereby directed to mail a copy of this Order to Defendant at its address on file in this matter.

SO ORDERED.

Dated: October 10, 2008

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE