UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HEELING SPORTS LIMITED, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-2123-B |
| | § | |
| KENDRA PASKEY, d/b/a ROCK N | § | |
| ROLL, BE BEAUTIFUL LLC, | § | |
| and NEW CONCORD, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Application for Entry of Partial Default Judgment, Permanent Injunction, and Order Compelling Discovery, filed August 11, 2008. (doc. #29). Having considered the application, response (doc. # 40), applicable law and procedural history, the court **denies** Plaintiff's Application for Entry of Partial Default Judgment, Permanent Injunction, and Order Compelling Discovery.

## I.

## BACKGROUND

On April 9, 2008, Defendant New Concord, Inc. was served with the summons and Complaint in this matter. (doc. #22). Defendant did not timely file an answer to the Complaint. On July 16, 2008, Plaintiff Heeling Sports Limited ("Heeling" or "Plaintiff") filed a Request for Clerk's Entry of Default (doc. #27), and the Clerk entered a Default against Defendant on July 17 (doc. #28). On August 11, 2008, Heeling moved for a default judgment seeking, *inter alia*, a permanent injunction and damages against Defendant. (doc. # 29). On August 28, 2008,

Defendant's owner, acting *pro se*, submitted a response letter to the Court, which was treated as Defendant's Motion to Set Aside the Clerk's Entry of Default. (doc. #31). In a memorandum opinion dated October 14, 2008, the court denied Defendant's motion, determining that New Concord, Inc. had failed to meet the "good cause" standard required under Fed. R. Civ. P. 55(c). (doc. # 33). As part of that opinion, the court allowed New Concord, Inc. twenty (20) days from the date of its memorandum opinion to file a response to Plaintiff's motion for default judgment. *See* Mem. Op. at 6 (emphasis added). (doc. #33).

On December 1, 2008, New Concord, Inc. filed an "Affirmation in Opposition to Plaintiff's Application for Entry of Partial Default Judgment, Permanent Injunction and Order Compelling Discover" along with an affidavit in support. (doc. # 40). This filing was treated as a "Response in Opposition to Motion for Default Judgment." *See id.*[*]

## II.

## ANALYSIS

Default judgments are generally disfavored and should not be granted on the claim, without more, that the defending party has failed to meet a procedural time requirement. *Lacy v. Sitel Corporation*, 227 F.3d 290, 292 (5th Cir.2000). Courts generally have refused to enter a default judgment if the defending party has made any type of appearance in the suit by responding to the complaint. *See, e.g., Stevenson v. Verizon Wireless, LLC*, 2009 WL 188188, at *1 (Jan. 27, 2009) (and cases cited therein). As entry of a default judgment is treated as a conclusive and final adjudication

---

[*]Although New Concord, Inc.'s response was filed after the twenty (20) day deadline imposed by the court, the court takes into account that New Concord, Inc.'s attorney of record, Kevin K. Tung, who applied for admission to appear *pro hac vice* on October 27, 2008, attempted to receive an extension in a timely manner (doc. # 37), though the letter he filed was ultimately unfiled. *See* Notice of Deficiency. (doc. # 38).

of the issues necessary to justify the relief awarded, it is a "drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Savings Association,* 874 F.2d 272, 276 (5th Cir.1989). In determining whether entry of default is warranted in a particular matter, the court may consider:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1988). A default judgment is left to the sound discretion of the court. *Id.*

New Concord, Inc. has retained counsel and filed a brief in opposition to Plaintiff's motion. New Concord has also filed a sworn affidavit by the President of New Concord, Inc. regarding New Concord's failure to initially respond to the Complaint, as well as various defenses to Plaintiff's patent infringement claim. *See generally* doc. # 40. While the court is still not convinced that New Concord, Inc.'s failure to initially respond to the Complaint was based on excusable neglect (*see* Mem. Op. at 4), having carefully considered all applicable factors as set forth by the Fifth Circuit, *see Lindsey*, *supra,* the court determines that default judgment is not warranted in these particular circumstances.

### III.

### CONCLUSION

Based on the foregoing, the court **denies** Plaintiff's Application for Entry of Partial Default Judgment, Permanent Injunction, and Order Compelling Discovery (doc. # 29). The court **directs** the Clerk of Court to **lift** the entry of default entered on July 18, 2008. (doc. # 28). Defendant New

Concord, Inc. shall file a responsive pleading to Plaintiff's Complaint within twenty days of the date of this memorandum opinion and order. No extensions will be permitted.

SO ORDERED.

Dated: February 17, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE